IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDRES M. CARMONA,

        Plaintiff,

v.                                                CIV 00-1541 KBM

SCOTT D. GILLOGLY, M.D.,

        Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION ON DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction *(Doc. 5)*. Having considered the arguments, pleadings and relevant law, I find this district cannot exercise personal jurisdiction over the defendant in a manner consistent with due process. Thus, the motion is well taken. It is unclear under the circumstances, however, whether dismissal is appropriate or if this case should be transferred in the interest of justice.

Although I am the currently assigned judge to this case, I have not yet received consent from the parties pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b) to serve as the presiding judge and enter final judgment. Because this is an issue which may be dispositive, I will request that the Clerk reassign this matter to a District Judge for consideration of these proposed findings and recommended disposition. Although Defendant has not yet filed a reply brief, the merits of the motion are amply demonstrated in the memorandum brief in support and accompanying affidavit. Thus, a reply brief is unnecessary on the personal jurisdiction issue.

Plaintiff alleges that Defendant negligently provided him with medical care in 1998. It is clear from the allegations of the Complaint that Mr. Carmona received the medical treatment in Atlanta, Georgia. Defendant, a resident of Georgia, entered a special appearance solely to contest personal jurisdiction in the District of New Mexico. The submitted affidavit demonstrates that Dr. Gillogly has absolutely no contacts with the State of New Mexico, and Plaintiff has provided no information to the contrary.

Under these circumstances, the law of New Mexico and due process clause preclude the exercise of jurisdiction over the defendant.

> When one seeks out services which are personal in nature, such as those rendered by attorneys, physicians, dentists, hospitals or accountants, and travels to the locality where he knows the services will actually be rendered, he must realize that the services are not directed to impact on any particular place, but are directed to the needy person himself. While it is true that the nature of such services is that if they are negligently done, their consequences will thereafter be felt wherever the client or patient may go, it would be fundamentally unfair to permit a suit in whatever distant jurisdiction the patient may carry the consequences of his treatment, or the client the consequences of the advice received.
>
> Unlike a case involving voluntary interstate or international economic activity, which is directed at the forum state's markets, the residence of a recipient of personal services rendered elsewhere is irrelevant and totally incidental to the benefits provided by the defendant at his own location. It is clear that when a client or a patient travels to receive professional services without having been solicited (which is prohibited by most professional codes of ethics), then the client, who originally traveled to seek services apparently not available at home, ought to expect that he will have to travel again if he thereafter complains that the services sought by him in the foreign jurisdiction were therein rendered improperly.
>
> Any other rule would seem to be not only fundamentally unfair, but would inflict upon the professions the obligation of traveling to defend suits brought in foreign jurisdictions, sometimes

>   very distant jurisdictions, there brought solely because the patient
>   or client upon his return to his own home decided to sue at home
>   for services sought by himself abroad.

*Cronin v. Sierra Medical Center*, ___ N.M. ___, 10 P.3d 845, 852 (Ct. App.), *cert. denied*, 10 P.3d 843 (2000), *quoting Gelineau v. New York Univ. Hosp.*, 375 F. Supp. 661, 667 (D.N.J. 1974).

Nevertheless, under some circumstances a case should be transferred rather than dismissed if a transfer is deemed to be "in the interests of justice."  For example, a federal district court sitting in Michigan which lacked personal jurisdiction of Georgia hospital and doctor with respect to allegedly negligent treatment of plaintiff in Georgia chose to transfer the case pursuant to 28 U.S.C.A. § 1406(a) rather than dismiss because defendants showed no prejudice by the transfer. *See Price v. Shessel*, 415 F. Supp. 306 (E.D. Mich. 1976).

The Court is concerned that the statute of limitations may bar the *pro se* Plaintiff from filing his complaint in the appropriate forum if this action is dismissed.  There is no indication by Plaintiff, however, that he would pursue litigation in the Georgia forum if this action was transferred there.  Thus, the Court will recommend that this action be dismissed for lack of personal jurisdiction and the parties may address the transfer issue by objections, if any, to this recommendation.

Wherefore,

**IT IS HEREBY ORDERED** that the Clerk reassign this action to a District Judge.

**IT IS FURTHER RECOMMENDED** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (*Doc. 5*) be GRANTED.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF**

> **SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period  if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

 

                                            */s/ Karen B. Molzen*
                                        UNITED STATES MAGISTRATE JUDGE